SYLVIA SWOPE, Appellee, v. ROBERT TODD, Appellant.

No. 45748.

DECEMBER 9, 1941.

Lundy, Butler & Lundy, for appellant.

James L. Cameron and W. H. Soper, for appellee.

STIGER, J.—Primary Highway 57, an east and west road, intersects with a graveled county road which runs north and south about five miles east of Eldora.

About 11 o'clock in the morning of March 24, 1940, plaintiff was riding in an automobile driven by John Swope who was approaching the intersection from the east on Highway 57 and defendant was approaching the highway from the south on

the county road. There is quite a large area immediately north and south of Highway 57 constituting "Y" approaches to the intersection.

Approximately 90 feet south of the intersection, curved roadways branch off of the county road in northeasterly and northwesterly directions in wide rounding curves which enter Highway 57 about 80 feet from the center of the intersection of the north and south county road with Highway 57. This construction of the "Y" intersection forms, in effect, three roadways or approaches to Highway 57 from the south.

We will refer to the roadway running in a northwesterly direction as the northwest road, the continuation of the county road running straight north across and through Highway 57, as the north road, and the road running in a northeasterly direction as the northeast road. About 50 feet south of points 50 feet east and west of the center of the intersection formed by the north road with the primary road there are stop signs on the east side of the northeast road and on the west side of the northwest road. The distance between the signs is approximately 90 feet. From the STOP signs, the roadways curve rather sharply to the northwest and the northeast. The STOP signs are for the guidance and control of traffic approaching the pavement from the south and intending to drive east or west thereon. This "Y" approach to Highway 57 was constructed in a manner that constituted an invitation and direction to persons not intending to proceed north across and beyond Highway 57 to use the curved roadways leading into the primary highway.

Defendant, intending to go west on Highway 57 into El-dora, in approaching Highway 57 did not drive his car north on the east side of the north road in order to make his left turn at the intersection of the north road with Highway 57. He drove his car on the east portion of the northwest roadway, leaving about 12 feet between his car and the west shoulder and stopped about 4 feet from the pavement. He testified he saw the Swope car approaching from the east, thought he had time to safely cross over to the north side of the pavement and proceed west ahead of the approaching car from the east. When defendant had reached a point at least 100 feet west of the intersection of

the north road with the primary road and was in the north one half of Highway 57, the Swope car drove into his car from the rear, which collision resulted in very severe injuries to the plaintiff.

The disposition we make of this case makes it unnecessary for us to consider the sharp conflict in the evidence as to the circumstances surrounding the accident.

Plaintiff alleged in her petition that defendant was negligent:

"f. In turning his car into the West portion, or West half of the graveled road before entering upon the pavement, his car being headed in a northwesterly direction, and in entering upon the pavement while his car was thus located and headed in a northwesterly direction; * * *

"h. Defendant failed to place his car on the right-hand side of the center line of the through highway before departing from the intersection he being in the act of making a left-hand turn."

At the close of plaintiff's testimony, defendant filed a multi-pointed motion in which he asked the court to withdraw specifications of negligence "f" and "h" from the consideration of the jury for the reason:

"d. That there is no evidence in this cause which imposes any duty upon the defendant to keep his car in the East portion or East half of the graveled road at the time of entering upon the pavement."

This motion was renewed at the close of all the evidence and in the motion for a new trial and overruled, the defendant excepting to the ruling, and the two grounds of negligence were submitted to the jury in Instruction No. 11.

We are of the opinion the motion should have been sustained. The material portion of section 5025.01, 1939 Code, reads:

"5025.01 Turning at intersections. The driver of a vehicle intending to turn at an intersection shall do so as follows:

"Both the approach for a right turn and right turn shall

be made as close as practical to the right-hand curb or edge of the roadway.

"Approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and after entering the intersection the left turn shall be made so as to depart from the intersection to the right of the center line of the roadway being entered."

Instruction No. 11 advised the jury of the claim of plaintiff that defendant was negligent in turning his car into the west portion on the west one half of the graveled road before entering on the pavement and in entering on the pavement while his car was located in a northwesterly direction and then, having reference to section 5025.01, stated in substance that it was the duty of defendant to approach the intersection and Highway 57 in that portion of the graveled roadway (north roadway) nearest the center line thereof and after entering the intersection to depart therefrom to the right of the center line of the paved highway and a violation of said statute would constitute negligence.

The ruling of the trial court would have been proper if the north road were the only means of access to the paved road. If such were the case it would have been the duty of the defendant to enter and depart from the intersection of the two roads at right angles in the manner stated in Instruction No. 11.

But there were three approaches to Highway 57, the two curved roadways intersecting the highway about 80 feet from the center line of the intersection of the north road with the paved highway.

Defendant complied with the statute in approaching and entering the intersection formed by the northwest approach and Highway 57.

Under all the circumstances, we hold the defendant was justified in choosing the northwest road rather than the north road as a means of approaching Highway 57 for his left turn and such choice did not violate the provisions of section 5025.01, and that the court erred in overruling the motion to withdraw specifications of negligence "f" and "h" from the jury.

It is not necessary for us to consider defendant's ten remaining assignments of error.—Reversed.

MILLER, C. J., and BLISS, HALE, and WENNERSTRUM, JJ., concur.